<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANA CARPENTER and ANN CARPENTER,<br><br>               Plaintiff,<br><br>v.<br><br>WORLD KITCHEN, LLC; MACY'S INC.; NEW ENGLAND MOTOR FREIGHT, INC.; JOHN DOES 1-10; ABC CORPS. 1-10,<br><br>               Defendant. | Civil Action No. 14-3991 (JLL)(JAD) |

**LINARES**, District Judge.

This matter comes before the Court on New England Motor Freight's ("Third-Party Defendant" or "NEMF") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 60.) NEMF seeks dismissal of the Third Party Complaint and all claims asserted against it by Defendant/Third Party Plaintiff World Kitchen ("World Kitchen"). The Court has considered the papers submitted in support of and in opposition to the motion. For the reasons that follow, NEMF's motion to dismiss the Third Party Complaint and all claims against it by World Kitchen is **GRANTED**.

**I. FACTUAL BACKGROUND**[1]

Plaintiffs Dana Carpenter ("Mr. Carpenter") and his wife Ann Carpenter ("Mrs. Carpenter") filed a Complaint, First Amended Complaint, and Second Amended Complaint in the

---

[1] The facts alleged are properly accepted as true for the purposes of this Opinion. *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

Middlesex County Superior Court of New Jersey. (ECF No. 1). Plaintiffs allege that on or about June 9, 2011, Mr. Carpenter was injured while in the employ of NEMF. (Compl. ¶ 1). While operating a tractor and a trailer owned by NEMF, the contents of the trailer became unstable. (Compl. ¶ 2, 3). As a result, the tractor and trailer overturned, allegedly causing severe and permanent personal injuries to Mr. Carpenter. (Compl. ¶ 2). The trailer contained goods in transit from World Kitchen to Macy's, Inc. ("Macy's"). Plaintiffs have named World Kitchen as a defendant, alleging that World Kitchen failed to properly secure their merchandise, causing the instability that led to the accident and Mr. Carpenter's subsequent injuries. World Kitchen asserts that they are not liable for any of the damages, and alleges that if they are found liable, NEMF is a joint tortfeasor and NEMF's liability is primary, direct, and active. In fact, World Kitchen filed a third party Complaint seeking contribution (Count One) and Indemnification (Count Two) against NEMF, in response to which, NEMF filed the current Motion to Dismiss.

## II. MOTION TO DISMISS

NEMF seeks dismissal of the third party Complaint by way of Motion filed June 18, 2015. World Kitchen opposed the Motion, after being granted an extension by this Court, on July 20, 2015. The Court takes into account each of the Parties arguments for and against dismissal.

### A. NEMF's Arguments

NEMF asserts that World Kitchen has failed to state a claim upon which relief can be granted because the third party Complaint is barred by New Jersey's Workers Compensation Act ("WCA"). Under New Jersey's WCA, a third party cannot maintain a claim for contribution against the Plaintiff's employer. NEMF cites several cases (that indicate the WCA in New Jersey provides for an absolute bar to third-party claims for contribution against employers. NEMF also

2

argues that because under the WCA, an employer is not liable in tort, an employer cannot be a joint tortfeasor.

They further argue that the WCA permits claims for indemnification only in limited circumstances in which an employer has expressly agreed to indemnify the third party or where there is an implied indemnification. NEMF correctly points out that recovery under an implied indemnification theory requires the third party to show that (1) there is a special legal relationship between the employer and the third party and (2) the third party's liability is vicarious. Ryan v. United States, 233 F. Supp.2d 668, 686 (D.N.J. 2002) (citing *Ramos v. Browning Ferris Indus. of S. Jersey*, 103 N.J. 177, 184 (1986)). NEMF alleges that there is no special legal relationship between NEMF and World Kitchen, as the term "special legal relationship" in this context applies only to parties that are "principal and agent, bailor and bailee, lessor and lessee, or union and union member." *Id.* A contractual relationship does not create this relationship, nor does a vendor-vendee relationship. *Id.* Finally, NEMF argues, even if there were a special relationship, NEMF is not vicariously liable because "there is no allegation that NEMF loaded the trailer with World Kitchen's goods, only conclusory allegations by World Kitchen that Carpenter was a negligent or reckless driver and/or that the tractor/trailer was not properly maintained." (NEMF Br. at 7-8.)

### B. World Kitchen's Arguments

World Kitchen does not oppose dismissal of Count One of the Third-Party Complaint with respect to NEMF, as World Kitchen agrees that the Workers' Compensation Act does bar their contribution claim.

However, World Kitchen opposes dismissal of Count Two and asserts that World Kitchen has established a clear basis for implied indemnification. World Kitchen first alleges that NEMF was negligent in allowing Mr. Carpenter to operate the vehicle containing World Kitchen's goods.

3

World Kitchen alleges that Mr. Carpenter had previous operated vehicles in an unsafe, negligent, or reckless manner and that NEMF knew this, but directed him to transport World Kitchen's goods anyway. (ECF No. 54 at 9). World Kitchen further alleges that NEMF was careless, negligent, and reckless in failing to properly train and supervise Mr. Carpenter and that NEMF failed to adequately maintain the vehicle Mr. Carpenter was operating.

World Kitchen further alleges that they do have a special legal relationship with NEMF, asserting that NEMF was the bailee of goods produced by World Kitchen for sale to Macy's. They also allege that their liability to Plaintiffs is vicarious. They assert that this allows for recovery under a theory of implied indemnification. World Kitchen states that NEMF's proposition that a theory of implied indemnification requires both vicarious liability and a special legal relationships is a misinterpretation of the law. World Kitchen cites *Arcell v. Ashland Chemical* to support their position, asserting that *Arcell* requires either vicarious liability or a special legal relationship, but not both. 152 N.J. Super. 471, 488-89 (Law Div. 1977). They argue that though *Ramos* is more recent, the Court relied upon *Arcell* and did not repudiate the test in *Arcell*. Further, World Kitchen argues, though the Court in *Ramos* uses conjunctive language, it did not intend to articulate a two-part conjunctive test. Finally, they argue that even under the conjunctive test, they can support a theory of implied indemnification based on a bailor-bailee relationship and that their alleged liability is secondary to NEMF's and vicarious.

## III. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the

sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Regarding Plaintiffs' fraud claims, Fed. R. Civ. P. 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Plaintiffs "alleging fraud must state the circumstances of the alleged fraud[ulent act] with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.' " *Park v. M & T Bank Corp.*, No. 09–cv–02921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010) (citing *Lum v. Bank of America*, 361 F.3d 217, 223–24 (3d Cir. 2004)). Plaintiffs can satisfy this standard by alleging dates, times, places, and other facts with precision. *Park*, 2010 WL 1032649, at *5.

## IV. DISCUSSION

At the outset, the Court notes that with regard to World Kitchen's claim for contribution, World Kitchen concedes that this claim should be dismissed as to NEWF as barred by the Worker's Compensation Act. This Court agrees and World Kitchen's contribution claim as to NEWF only is dismissed with prejudice. Thus, the only remaining determination for this Court is whether World Kitchen has properly plead its indemnification claim and finds that is has not.

The WCA grants employers immunity from suits by third-parties seeking contribution or indemnity. Though the WCA creates an absolute barrier against contribution claims, it permits

claims for indemnification in limited circumstances. "[A] third-party may obtain indemnification from an employer in an instance where an employer has expressly agreed to indemnify the third party." *Slater v. Skyhawk Transp., Inc.,* 77 F.Supp.2d 580, 586 (D.N.J.1999). If there is no express agreement, a third party may recover under an implied indemnification theory. "The implied indemnification doctrine is narrow, allowing the third party to recover only if (1) a special legal relationship exists between the employer and the third party, *and*[2] (2) the third party's liability is vicarious." *Ryan v. United States,* 233 F.Supp.2d 668, 686 (D.N.J.2002)(emphasis added). "A special legal relationship exists" if the parties "are principal and agent, bailor and bailee, lessor and lessee, or union and union member." *See id.* (citing *Ramos,* 103 N.J. at 189, 510 A.2d 1152). Furthermore, "[a] contract does not alone create a special relationship between the parties." *Id.* (citing *Ramos,* 103 N.J. at 190, 510 A.2d 1152). "[A]llowing [a third party's] contract ... to support a claim for implied indemnification against [an employer] would undermine the exclusive remedy provision of the Workers' Compensation Act." *Id.; see also Ryan,* 676 233 F.Supp.2d at 686.

World Kitchen does not allege that NEMF has express indemnification obligations through a contract between the parties. Instead, World Kitchen alleges that a special legal relationship, namely, a bailor-bailee relationship, existed between them due to duties and obligations between the parties. Notably however, World Kitchen does not expressly depict the factual basis to draw this legal conclusion of a bailor-bailee relationship. Bailment, in a basic sense, is "the rightful possession of goods by one who is not the owner." *Zuppa v. Hertz Corp.,* 111 N.J. Super. 419, 423 (1970). "It is the element of lawful possession, however created, and the duty to account for the thing as the property of another, that creates the bailment, regardless of

---

[2] This Court finds both prongs are required for this determination, contrary to World Kitchen's assertion.

whether such possession is based upon contract in the ordinary sense or not." *Ibid.* A bailor's right to sue a bailee for negligence is well established under New Jersey law. *Lembaga Enterprises, Inc. v. Cace Trucking & Warehouse, Inc.*, 320 N.J. Super. 501, 507 (App. Div. 1999); *see also Nopco Chem. Div. v. Blaw-Knox Co.*, 59 N.J. 274, 278 (1971) (wherein the purchaser of a machine brought suit against the manufacturer "and all carriers and bailees who successively, but unconnectedly, handled it until it reached its final destination"). However, although World Kitchen asserts that they have a bailor-bailee relationship with NEMF because NEMF was driving goods from World Kitchen, they fail to allege that the goods were *theirs* at the time of shipping. Thus, at the time, the goods might have already been sold to Macy's, in which case Macy's would have the bailor-bailee relationship. In any event, it is unclear from the face of the third party Complaint whether there was or was not a bailer-bailee relationship and for this reason, World Kitchen's indemnification claim is dismissed without prejudice. World Kitchen shall be afforded twenty (20) days to amend its third party Complaint and properly plead the facts to which this Court can determine if a claim for implied indemnification has been sufficiently stated. World Kitchen may therefore, in the interests of efficiency, amend the third party Complaint to add any necessary facts to allege vicarious liability given this Court's determination that implied indemnification requires *both* a special legal relationship between the employer and the third party *and* that the third party's liability is vicarious.

## V. CONCLUSION

For the reasons set forth above, NEMF's Motion to Dismiss, (ECF No. 60), is **GRANTED**, and World Kitchen's third party Complaint is dismissed without prejudice as leave to amend has

been afforded by this Court.

    An appropriate order accompanies this Opinion.

DATED: 8/5/15

                                            JOSE L. LINARES
                                            U.S. DISTRICT JUDGE